[Cite as *Fife v. Dept. of Rehab. and Corr.*, 2016-Ohio-1279.]

| | |
|---|---|
| HAYDEN FIFE | Case No. 2015-00523 |
| Plaintiff | Judge Patrick M. McGrath <br> Magistrate Gary Peterson |
| v. | <u>ENTRY GRANTING DEFENDANT'S</u> <br> <u>MOTION FOR SUMMARY JUDGMENT</u> |
| DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

**{¶1}** On December 8, 2015, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response. The motion is now before the court for a non-oral hearing pursuant to L.C.C.R. 4(D).

**{¶2}** Civ.R. 56(C) states, in part, as follows:

**{¶3}** "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

**{¶4}** According to the complaint, plaintiff is an inmate in the custody and control of defendant. The complaint, which contains few factual details, provides that on

January 14, 2015, staff members at the Ross Correctional Institution (RCI) "maliciously assaulted Plaintiff, knowing fully well that Plaintiff is on Defendant's mental health caseload." Plaintiff alleges that the staff members should have known that he had not taken his mental health medication and that no use of force documentation was initiated.

{¶5} Defendant argues that it is entitled to summary judgment on plaintiff's claim arising from the alleged assault, and that, to the extent that plaintiff has alleged that defendant's staff members failed to follow internal rules or procedures, there is no cause of action for such alleged violations.

{¶6} In addition to the theory of assault pleaded in the complaint, it has been held that allegations of "unnecessary or excessive force against an inmate may state claims for battery and/or negligence." *Brown v. Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 13AP-804, 2014-Ohio-1810, ¶ 13.

{¶7} "To prove assault under Ohio law, plaintiff must show that the defendant willfully threatened or attempted to harm or touch the plaintiff offensively in a manner that reasonably placed the plaintiff in fear of the contact. To prove battery, the plaintiff must prove that the intentional contact by the defendant was harmful or offensive. Ohio courts have held that, in a civil action for assault and battery, the defendant has the burden of proving a defense of justification, such as the exercise of lawful authority." (Citations omitted.) *Miller v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 12AP-12, 2012-Ohio-3382, ¶ 11.

{¶8} "To recover on a negligence claim, a plaintiff must prove by a preponderance of the evidence (1) that a defendant owed the plaintiff a duty, (2) that a defendant breached that duty, and (3) that the breach of the duty proximately caused a plaintiff's injury." *Ford v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 05AP-357, 2006-Ohio-2531, ¶ 10. "Ohio law imposes a duty of reasonable care upon the

state to provide for its prisoners' health, care, and well-being." *Ensman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 06AP-592, 2006-Ohio-6788, ¶ 5.

{¶9} "The use of force is sometimes necessary to control inmates." *Jodrey v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 12AP-477, 2013-Ohio-289, ¶ 17. "Correctional officers considering the use of force must evaluate the need to use force based on the circumstances as known and perceived at the time it is considered." *Brown* at ¶ 15, citing Ohio Adm.Code 5120-9-01(C). "[T]he precise degree of force required to respond to a given situation requires an exercise of discretion by the corrections officer." *Ensman* at ¶ 23. "In Ohio Adm.Code 5120-9-01, the Ohio Administrative Code sets forth the circumstances under which correctional officers are authorized to use force against an inmate." *Id.* at ¶ 6.

{¶10} Ohio Adm.Code 5120-9-01 provides, in pertinent part:

{¶11} "(C) Guidelines regarding the use of force. * * *

{¶12} "* * *

{¶13} "(2) Less-than-deadly force. There are six general circumstances in which a staff member may use force against an inmate or third person. A staff member may use less-than-deadly force against an inmate in the following circumstances:

{¶14} "(a) Self-defense from physical attack or threat of physical harm.

{¶15} "(b) Defense of another from physical attack or threat of physical attack.

{¶16} "(c) When necessary to control or subdue an inmate who refuses to obey prison rules, regulations or orders.

{¶17} "(d) When necessary to stop an inmate from destroying property or engaging in a riot or other disturbance.

{¶18} "(e) Prevention of an escape or apprehension of an escapee; or

{¶19} "(f) Controlling or subduing an inmate in order to stop or prevent self-inflicted harm."

{¶20} "Pursuant to Ohio Adm.Code 5120-9-01(C)(1)(a), correctional officers 'may use force only to the extent deemed necessary to control the situation.' Additionally, correctional officers 'should attempt to use only the amount of force reasonably necessary under the circumstances to control the situation and shall attempt to minimize physical injury.' Ohio Adm.Code 5120-9-01(C)(1)(b)." *Brown* at ¶ 16. Also pertinent is Ohio Adm.Code 5120-9-01(B)(3), which defines "excessive force" as "an application of force which, either by the type of force employed, or the extent to which such force is employed, exceeds that force which reasonably appears to be necessary under all the circumstances surrounding the incident."

{¶21} In support of its motion, defendant submitted the affidavits from the following RCI staff members: Corrections Captain Nathan Thompson, Corrections Lieutenant Kevin S. Riffe, Corrections Lieutenant Clyde L. Spencer, Corrections Officer Jered W. Knisley, and Corrections Officer Brad T. Reese.

{¶22} As set forth in the affidavits, on January 14, 2015, plaintiff was brought to Corrections Captain Thompson's office as a result of being suspected of illicitly smuggling food out of the chow hall. While in Thompson's office, Corrections Lieutenants Riffe and Spencer and Corrections Officers Knisley and Reese describe plaintiff as yelling aggressively and argumentatively, and generally acting in a threatening manner. Riffe, Spencer, and Knisley aver that plaintiff remarked something to the effect of "bring it on; I am ready" while taking off his jacket. Each of the affiants avers that plaintiff thereafter swung his fist at Spencer, missed, and struck Knisley. Riffe avers that he subsequently grabbed plaintiff over the shoulder, and that along with the assistance of Reese and Knisley, plaintiff was taken to the ground. Riffe, Reese, and Knisley aver that plaintiff continued to struggle while on the ground but they were able to put handcuffs on plaintiff at that point. Thompson, Riffe, Spencer, Knisley, and Reese, further state that they were not aware of whether plaintiff was taking any medication for mental health issues and that pursuant to DRC policy, the appropriate

level of force for a given situation does not change dependent on whether the inmate is on such medication. All of the affiants authenticate incident reports that they prepared to document the matter. Thompson authenticates documents related to the use of force investigation.

{¶23} As stated above, plaintiff did not file a response to defendant's motion, nor did he provide the court with any affidavit or other evidence to support his allegations. Civ.R. 56(E) states, in part, that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶24} Based upon the uncontested affidavit testimony provided by defendant, reasonable minds can only conclude that plaintiff was brought to Thompson's office as a result of being suspected of illicitly smuggling food out of the chow hall. While in Thompson's office, plaintiff was argumentative, aggressive and threatening. It is undisputed that plaintiff remarked "bring it on; I am ready," removed his jacket, and swung his fist at Spencer and struck Knisley. Thereafter, plaintiff was taken to the ground where he continued to resist; however, Riffe, Reese, and Knisley were able to place handcuffs on plaintiff. Finally, it is undisputed that none of the officers involved knew whether plaintiff was taking medication for any mental health issues. Each of the officers completed incident reports and Thompson completed a use of force investigation.

{¶25} It can only be concluded that, under the circumstances, the officers had the lawful authority and privilege to use such force as may have reasonably appeared necessary under the circumstances to both control or subdue plaintiff and to prevent harm to others and themselves. It must also be concluded that the degree of force used

during the incident was justified and privileged, and satisfied the duty of reasonable care.

{¶26} To the extent plaintiff has alleged that defendant's employees violated internal rules or procedures, such internal rules, policies, procedures, and regulations are primarily designed to guide correctional officials in prison administration rather than to confer rights on inmates. *State ex rel. Larkins v. Wilkinson*, 79 Ohio St.3d 477, 479 (1997); *Peters v. Dept. of Rehab & Corr.*, 10th Dist. Franklin No. 14AP-1048, 2015-Ohio-2668. Accordingly, there is no claim for relief based solely upon the violation of internal rules and policies. *Triplett v. Warren Corr. Inst.*, 10th Dist. Franklin No. 12AP-728, 2013-Ohio-2743, ¶ 10.

{¶27} Based upon the foregoing, it can only be concluded that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law on plaintiff's assault claim. To the extent plaintiff claims a violation of internal rules or procedures, no such cause of action exists. Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. All other pending motions are DENIED as moot. All previously scheduled events are hereby VACATED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

cc:

Hayden Fife, #665-366
P.O. Box 120
Lebanon, Ohio 45036

Lee Ann Rabe
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

**Filed February 24, 2016**
**Sent To S.C. Reporter 3/25/16**